IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| John Brown (B-78939), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 20-cv-03599 |
| v. | ) | |
| | ) | Judge John F. Kness |
| City of Chicago, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

In an order entered on 12/22/2021, the Court of Appeals vacated in part and remanded the Court's order dismissing this case, finding that Plaintiff has stated a claim for wrongful detention under *Manuel v. City of Joliet, Illinois*, 903 F.3d 667, 670 (7th Cir. 2018) [37]. Consistent with the Seventh Circuit's order, the Clerk is directed to reopen this case on the Court's docket. Plaintiff is directed to submit, in compliance with this order, a proposed amended complaint on or before 1/21/2022, naming proper Defendants to his Due Process claim relating to the use of a coerced confession and the planting of a gun in Plaintiff's car. If Plaintiff fails to comply with this order by the deadline above, this case may again be dismissed. The Clerk of Court is directed to send Plaintiff an amended complaint form, a blank USM-285 form, and instructions along with a copy of this order and the order from the Seventh Circuit [37]. See accompanying Statement for details.

**STATEMENT**

The United States Court of Appeals for the Seventh Circuit has issued an order vacating the dismissal of Plaintiff's amended complaint in part and finding that he may proceed on his federal Due Process claim relating to unlawful detention, consistent with *Manuel v. City of Joliet, Illinois*, 903 F.3d 667, 670 (7th Cir. 2018). The Court of Appeals also found that Plaintiff may pursue his state law claims. As noted in the Seventh Circuit's order, Plaintiff must submit a proposed amended complaint.

To be held liable under section 1983, an individual must have caused or participated in a constitutional deprivation. *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012); *Pepper v. Vill. of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005). There is no *respondeat superior* liability under section 1983. *See Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Supervisors can only be held responsible for the constitutional violations of their subordinates if the violation occurred at the supervisor's direction or with his or her knowledge and consent. *See Hildebrandt v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003). If Plaintiff wants to proceed with this lawsuit, he must identify the individual or individuals responsible for the complained-of conduct relating to using his allegedly coerced confession and planted evidence to obtain an illegal conviction

resulting in his detention, list them in the caption of any amended complaint, and explain in the "Statement of Claim" what each individual did allegedly to violate Plaintiff's rights.

If Plaintiff cannot name the officers involved in the alleged violation of due process, City of Chicago Police Superintendent David Brown is the appropriate nominal Defendant for the purpose of identifying unknown Defendants. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996); *Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995). Although Plaintiff may name Superintendent Brown for the purpose of identifying unknown Defendants, he asserts no claims against him to hold him personally liable under § 1983. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). As the Seventh Circuit explained, limited discovery might eventually be needed to identify the appropriate defendants for Plaintiff's putative Due Process claim.

Accordingly, if Plaintiff wants to proceed with this lawsuit, he must submit an amended complaint that states a federal claim against proper defendants. Any amended complaint must be submitted on the Court's required form. *See* Local Rule 81.1. Any amended complaint also must comport with Rule 11 of the Federal Rules of Civil Procedure; Rule 11 provides that by signing a pleading, a party represents to the Court that his claims are warranted by existing law and that the factual contentions have evidentiary support or likely will have evidentiary support after further investigation. Fed. R. Civ. P. 11(b). Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. All allegations against all defendants must therefore be set forth in the amended complaint without reference to the original complaint. Any documents Plaintiff wants the Court to consider in its threshold review of the amended complaint also must be attached. Plaintiff is advised to keep a copy for his files.

The Clerk is requested to provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. Failure to submit an amended complaint by the date set forth above may result in dismissal of this lawsuit for failure to state a claim.

SO ORDERED in No. 20-cv-03599.

Date: December 23, 2021

                                                                                            JOHN F. KNESS
                                                                                            United States District Judge